HENRY McSHANE MANUFACTURING COMPANY

*v.*

EMIL KOLB et al.

[Filed February 5th, 1900.]

1. Where a bill alleges that defendant fraudulently inserted in a mortgage given to it that the money was advanced to pay purchase-money to impair the lien of complainant's mortgage, and there is no proof of the alleged fraud, equity is without jurisdiction, as the bill asks only a declaration in advance of a sale under execution as to the priority of two legal liens.

2. The instrument in question held to be a mortgage for purchase-money, and as such has priority over complainant's judgment.

On final hearing.

*Mr. George E. Clymer*, for the complainant.

*Mr. Howard W. Hayes*, for the defendant The National Building and Loan Association.

STEVENS, V. C.

The case is this : In October, 1895, the complainant recovered judgment against the defendant Kolb, in the Essex circuit court,

for $463.44.  The execution issued was returned unsatisfied. Prior to April 1st, 1899, Kolb had entered into a contract with Fairchild, on behalf of his (Fairchild's) wife, to build two houses for $10,300.  He had received in cash, on account of his contract, $4,000.  On that day he obtained the architect's certificate for $1,661 in addition.  Fairchild, by the terms of the contract, could have given him a four months' note for the amount, but he proposed instead to give him a deed for a house and lot in Newark and $400 in cash.  According to Fairchild's testimony, and he was the complainant's only witness, Kolb was not willing to take this deed unless he could obtain a loan upon the property.  Fairchild told him he thought the defendant The National Building and Loan Association would lend him the money he needed.  Kolb made his written application accordingly, therein stating that the money was to be borrowed to pay the purchase-money.  The association agreed to make him a loan of $1,100.  The title was examined by Hayes & Lambert, and the deed from Fairchild and his wife to Kolb, and a mortgage for $1,100 from Kolb to the association, were delivered about May 18th.  Both papers were recorded three days later. There is a conflict of evidence over the question whether the deed and mortgage were delivered at the same time.  Mr. Frank, the managing clerk of Hayes & Lambert, who had charge of the transaction, says that they were.  Mr. Fairchild says that they were not, that the deed was delivered several days before the mortgage.  It is not likely, however, that Kolb would have accepted the deed until the search was complete and until the association was prepared to lend him the money, and so I think Mr. Frank's statement is the more probable.  The money lent was, on Fairchild's order, paid to Kolb.

On these facts it is insisted that the judgment is prior to the mortgage.

The law is well settled that a purchase-money mortgage has priority over liens outstanding against the vendee when he takes title, whether the mortgage be made to the vendor or to a third person who advances the money.  *New Jersey Building, Loan and Investment Co.* v. *Bachelor, 9 Dick. Ch. Rep. 600; Wallace*

v. *Silsby, 13 Vr. 1.* I think the principle of these decisions applies to the case at bar. The substance of the transaction was this: Fairchild (or, rather, his wife) owed Kolb $1,661. He agreed to convey to Kolb, to pay the debt, a house and lot whose price was fixed at $1,261, and $400 in cash. Kolb asked the association to lend him $1,100 to pay a part of the purchase-money. The association agreed to do so. If the transaction had been formally consummated according to its theory, what would have been done would have been this: The association would have handed Fairchild the $1,100 to which he was entitled, as a part of the price of the land, and Fairchild would have handed this same money to Kolb, together with the deed and the additional sum of $400, in payment of the $1,661, which his wife owed him. Had this been done, there would not, under the decisions, have been the slightest ground for contending that the judgment was ahead of the mortgage. Now, it seems to me that the mere fact that the association, by Fairchild's express direction, gave the money, in the first instance, to Kolb did not substantially alter the character or legal effect of the transaction. It was carried out in the way in which one would have expected business men to carry it out. I am therefore of opinion that the bill should be dismissed on the merits.

If I had come to a different conclusion, I would still have been obliged to advise the dismissal. The bill charges that the association fraudulently inserted in its mortgage the statement that the money was advanced to pay purchase-money with a view to impairing the lien of complainant's judgment, and with the sole object of fraudulently attempting to create a prior lien. There is absolutely no proof of this allegation. Fraud is here a jurisdictional fact. Without it the complainant has no standing in a court of equity. Without it, the bill asks only a declaration, in advance of a sale under the common-law execution, that of two legal liens the complainant's is prior. Such a declaration the court cannot make.